UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**LETICIA RUDOLPH**,

    Plaintiff,

v.                                 CASE NO: 1:17-cv-125
                                           HON. JANET T. NEFF

**DANIEL T. BABINEC, ROBERT A. ATKINSON,**
in their individual and official capacities,
and the **TOWNSHIP OF FRUITPORT**,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | MCGRAW MORRIS, P.C.<br>G. GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>Attorneys for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084<br>248-502-4000<br>248-502-4001-fax<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com |
|---|---|

**JOINT STATUS REPORT**

**NOW COME** the parties, by and through their respective attorneys, and in accordance with the Honorable Court's *Order Setting Rule 16 Scheduling Conference* [Docket 11] and having conducted a telephone conference on April 10, 2017 submit the following Joint Status Report:

1

A Rule 16 Scheduling Conference is scheduled for April 19, 2017 at 2:30 P.M., before Honorable Janet T Neff. Appearing for the parties will be:

        For Plaintiff:       Amy J. DeRouin

        For Defendants:    G. Gus Morris

**1. JURISDICTION:**

The basis for this Honorable Court's jurisdiction is 28. U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights). This Court also has supplemental jurisdiction over Plaintiff's state law claim. Defendants reserve the right to challenge the appropriateness of supplemental jurisdiction.

**2. JURY:**

This case will be tried before a jury.

**3. JUDICIAL AVAILABILITY:**

The parties respectfully do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

**4. STATEMENT OF THE CASE:**

(i) **Plaintiff's Position**

On March 15, 2015, Plaintiff had a dispute with her ex-husband, Kyle Rudolph, who took Plaintiff's registered weapon, a pistol, and left her home. Mr. Rudolph was pulled over in a traffic stop by Fruitport Police Officer Hodges for speeding and on a suspicion of DWI. Mr. Rudolph immediately surrendered Plaintiff's weapon to Officer Hodges and told him that he took the weapon because he believed that his ex-wife was suicidal.

Defendants Babinec and Atkinson then proceeded to Plaintiff's home to confront her about the alleged suicidal threats. Defendant Babinec made contact with Plaintiff, wherein she was sound asleep and was awoken by Defendants Babinec and Atkinson. Plaintiff denied that she was suicidal and explained how her ex-husband came into possession of her gun. When Plaintiff insisted that she was not suicidal and did not require an evaluation, Defendants Babince and Atkinson physically took her into custody, handcuffing her behind her back and throwing her against a wall while doing so. As Plaintiff was being handcuffed, she complained that the handcuffs were too tight and continued to complain until she was un-cuffed at the hospital.

As Plaintiff was being led from her home, she requested that Defendants allow her to get shoes on so she could walk with them in which her request was denied by Defendants. Defendants dragged Plaintiff from her home to the police vehicle, which eventually led to Plaintiff sustaining injuries. Plaintiff was then forced to go to Hackley Hospital for evaluation and was left in the custody of the hospital staff and social worker, Kristina Luptowski. Plaintiff was not found to be a danger to herself or others and was released by the hospital staff.

Although Defendants insist that Plaintiff resisted being taken into custody to be taken to the hospital, no criminal charges regarding resisting arrest or any other charges were ever brought against her. Notably, Mr. Rudolph was released with just a warning by Defendants in spite of speeding and CCW violations.

Plaintiff further alleges that Defendant Township of Fruitport violated her Constitutional rights and acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs, policies and/or practices that resulted in Constitutional violations. The customs, policies and/or practices included, but were not limited to, the following: (1)

failing to train and/or supervise its officers so as to prevent violations of citizens' Constitutional rights; (2) failing to adequately train and/or supervise police officers regarding the proper use of force; (3) failing to supervise, review and/or discipline police officers whom Defendant Township of Fruitport knew or should have known were violating or were prone to violating citizens' Constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct; (4) failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens; (5) failing to train officers concerning mental health issues of citizens and when it is legal and appropriate to involuntarily seize and hospitalize citizens; (6) having a custom, policy and/or practice of falsely arresting and/or illegally detaining citizens. Defendant Township of Fruitport's conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury occurred. Defendant Township of Fruitport's deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

Accordingly, Plaintiff filed the instant action and alleges the following claims against Defendants: (1) violation of the Fourth Amendment, 42 U.S.C. §1983 excessive force; (2) violation of the Fourth amendment, 42 U.S.C. §1983 unreasonable seizure without probable cause; (3) false arrest and false imprisonment; and (4) a *Monell* claim against Defendant Township of Fruitport.

 (ii) **Defendants' Position:**

On March 15, 2015 at approximately 2:55 a.m., non-party Officer James Hodges conducted a traffic stop on Plaintiff's ex-husband, non-party Kyle Rudolph. During the stop, Mr. Rudolph informed Officer Hodges that he was in possession of a gun that he had taken from his ex-wife, Plaintiff, Leticia Rudolph, because he and his son feared that Plaintiff was suicidal. Mr. Rudolph provided significant information to Officer Hodges, including ominous text messages from their son expressing grave concern for Plaintiff because she had her gun out and Plaintiff's text message to Mr. Rudolph simply saying, "Goodbye." Based upon this information, Defendants, Officer Daniel T. Babinec and Officer Robert A. Atkinson, performed a welfare check at Plaintiff's residence. Plaintiff gave the officers conflicting stories, first saying that she was having trouble with her child; then saying that she was having a dispute with her ex-husband. Plaintiff also admitted that she had her gun out at 2:30 a.m., but claimed that she had chosen that time to clean the weapon. Based upon their interactions with Plaintiff and the information gathered through Officer Hodges' investigation, it was determined that it would be best if Plaintiff went to Hackley Hospital for a mental health evaluation. Plaintiff refused Officer Babinec's offer and encouragement to voluntarily go to the hospital for the evaluation. A decision was made to take Plaintiff into custody and have her involuntarily transported to the hospital for evaluation. Plaintiff again refused after multiple requests and encouragement. Plaintiff refused to retrieve her shoes or to follow the officers out to the patrol vehicle. Officer Atkinson and Officer Babinec then took Plaintiff into custody and walked her out of the house under her own power. Once she was placed in the

patrol vehicle, Officer Atkinson retrieved Plaintiff's shoes and she put them on while she was in the car. Plaintiff did not complain about any injuries or about the handcuffs being too tight.

These officers deny any wrongdoing, and are protected by qualified immunity for the federal claims and governmental immunity for the pendent state claims. Additionally, even if there were liability, Fruitport Township has no policy, procedure, custom or practice which caused the alleged Fourth Amendment deprivation.

**5. PROSPECTS OF SETTLEMENT:**

The parties have not engaged in settlement negotiations prior to the filing of this lawsuit. However, the parties intend to engage in said negotiations after the Rule 16(f) conference has been held and meaningful discovery has occurred such as the parties' depositions.

**6. PENDENT STATE CLAIMS:**

This case does include a pendent state claim of false arrest and false imprisonment.

**7. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS:**

The parties expect to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by June 1, 2017.

**8. DISCLOSURES AND EXCHANGES:**

(i)     Fed. R. Civ. P. 26(a)(1) disclosures shall be made by May 19, 2017.

(ii)    The parties propose the following schedule for filing witness lists:

Both parties: August 18, 2017.

(iii)   26(b)(2) disclosures: The parties propose disclosure of the identity and area of expertise for all expert witnesses as follows:

Plaintiff: August 18, 2017

Defendants: September 15, 2017

    (iv)    The parties do believe that the exchange of expert witness reports is advisable. The parties agree that reports will be exchanged 90 days prior to the date of trial. The parties have further agreed that discovery and trial depositions of experts named under this provision of the Joint Status Report may be deposed up to 30 days before trial.

**9. <u>DISCOVERY:</u>**

The parties believe that all discovery proceedings can be completed by November 17, 2017. The parties recommend the following discovery plan:

The parties will engage in fact discovery where they will explore Plaintiff's claims, alleged injuries and damages, and Defendants' defenses. The parties will limit their interrogatories to not exceed more than 25. Discovery depositions will be limited to no more than 10 per side unless leave is permitted by the Court. Furthermore, the presumptive time limits for depositions (1 day of seven hours) should not be modified in this case.

**10. <u>DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION:</u>**

The parties anticipate that the bulk of all document discovery will involve the disclosure of paper documents or tangible things, rather than electronically stored records. If such records are sought, the parties agree to confer on limitations to the scope of disclosure, the means of disclosure, and the cost associated with production, prior to submitting such a request to opposing counsel, to abide Fed.R.Civ.P. 26(b)(5)(B) concerning inadvertent disclosure of privileged material, and to confer with each other in good faith before seeking judicial assistance to compel disclosure.

**11. ASSERTIONS OF CLAIMS OF PRIVILEGE OR WORK-PRODUCT IMMUNITY AFTER PRODUCTIONS:**

The parties agree that if either of them realizes that arguably privileged material has been disclosed the matter will be handled pursuant to the procedure set forth at Fed.R.Civ.P. 26(b)(5)(B). In addition the parties anticipate seeking a protective order, by stipulation, to prevent the dissemination of any documents where they agree a privilege exists or disclosure should be controlled. In every respect, the burden of proof will remain with the party advocating the privilege, confidentiality or bar from disclosure.

**12. MOTIONS:**

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed. All motions shall affirmatively state the efforts of the moving party to comply with the obligation created by 7.1(d). The parties further acknowledge that a pre-motion conference is required before filing any dispositive motion, and no motion papers shall be filed unless the motion has been fully briefed. See Judge Neff's Information and Guidelines for Civil Practice, located on this Court's website, www.miwd.uscourts.gov.

The following dispositive motions are contemplated by each party: Defendants are contemplating filing an earlier motion to dismiss and/or motion for partial summary judgment and intend to file a Motion for Summary Judgment at the conclusion of fact discovery in this matter.

The parties anticipate that all dispositive motions will be filed by December 18, 2017.

**13. ALTERNATIVE DISPUTE RESOLUTION:**

The parties are agreeable to voluntary facilitation or a referral to an early settlement conference with the Magistrate Judge after the parties' depositions have been taken in this matter.

**14. LENGTH OF TRIAL:**

Counsel estimate the trial will last approximately 2 days, allocated as follows: 1 day for Plaintiff's case and 1 day for Defendants' case.

**15. ELECTRONIC DOCUMENT FILING SYSTEM:**

Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

Respectfully submitted,

/s/ Amy J. DeRouin                              /s/ G. Gus Morris
Amy J. DeRouin (P70514)               G. Gus Morris (P32960)
Attorney for Plaintiff                          Attorney for Defendants