UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LETICIA RUDOLPH,

      Plaintiff,

                                      Case No. 1:17-cv-125

v

                                      Hon. Janet T. Neff

DANIEL T. BABINEC, ROBERT A.
ATKINSON, in their individual and official
capacities, and the TOWNSHIP OF
FRUITPORT,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>Amy.derouin@cjtrainor.com | MCGRAW MORRIS, P.C.<br>G. GUS MORRIS (P32960)<br>CHRISTOPHER J. RAITI (P68600)<br>Attorneys for Defendants<br>2075 W. Big Beaver Road, Ste. 750<br>Troy, MI 48084<br>248-502-4000/Fax 248-502-4001<br>gmorris@mcgrawmorris.com<br>craiti@mcgrawmorris.com<br><br>McGRAW MORRIS P.C.<br>AMANDA M. ZDARSKY (P81443)<br>Attorneys for Defendants<br>300 Ottawa Avenue, N.W., Suite 820<br>Grand Rapids, MI  49503<br>(616) 288-3700/Fax (616) 214-7712<br>azdarsky@mcgrawmorris.com |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

      NOW COMES Defendants, DANIEL T. BABINEC, ROBERT A. ATKINSON and

FRUITPORT TOWNSHIP, by and through their attorneys, McGRAW MORRIS, P.C., and in

reply to Plaintiff's response to Defendants' motion for summary judgment states the following:

## <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ...................................................................................................... ii

TABLE OF AUTHORITY ................................................................................................... iii

ARGUMENT ........................................................................................................................ 1

   I.    OFFICER ATKINSON IS ENTITLED TO SUMMARY JUDGMENT. .......................... 1

   II.   THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE SEIZURE
       OF PLAINTIFF. ...................................................................................................... 2

      A.  Officer Babinec Is Entitled To Qualified Immunity For The Force Used To Effectuate
          The Arrest. ...................................................................................................... 4

      B.  Officer Babinec Is Entitled To Qualified Immunity Regarding The Alleged
          Handcuffing. ................................................................................................... 4

   III.  FRUITPORT TOWNSHIP IS ENTITLED TO SUMMARY JUDGMENT. ................... 6

CONCLUSION ..................................................................................................................... 7

## <u>TABLE OF AUTHORITY</u>

**Cases**

*Amis v. Twardesky*, 637 Fed. Appx. 859 (6th Cir. 2015)...............................................................2

*Bolden v. City of Euclid*, 595 F. App'x 464 (6th Cir. 2014)........................................................4

*District of Columbia v. Wesby*, -- U.S. --; 199 L. Ed. 2d 453 (2018) .........................................3

*Dunn v. Matatall*, 549 F.3d 348 (6th Cir. 2008) ........................................................................4

*Feathers v. Aey*, 319 F.3d 843 (6th Cir. 2003) ...........................................................................3

*Fisher v. Harden*, 398 F.3d 837 (6th Cir. 2005)......................................................................2, 3

*Guilford v. Frost*, 269 F. Supp. 2d 816 (W.D. Mich. 2017) .......................................................2

*Hardesty v. Hamburg Twp.*, 461 F.3d 646 (6th Cir. 2006).........................................................3

*Jackson v. Lubelan*, 657 Fed. Appx. 497 (6th Cir. 2016) ...........................................................5

*Kammeyer v. City of Sharonville*, Case No. 01-00649; 2006 U.S. Dist. LEXIS 24058 (S.D. Ohio
    Apr. 26, 2006) .........................................................................................................................6

*Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001) ...........................................................4

*Leach v. Shelby County Sheriff*, 891 F.2d 1241 (6th Cir. 1989).................................................6

*Miller v. Sanilac County*, 606 F.3d 240 (6th Cir. 2010) .............................................................5

*Monday v. Oullette*, 118 F.3d 1099 (6th Cir. 1997)....................................................................3

*Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394 (6th Cir. 2009).....................................1, 5

*Smith v. City of Troy*, 874 F.3d 938 (6th Cir. 2017) ...................................................................1

*United States v. Hensley*, 469 U.S. 221 (1985)...........................................................................3

*Wells v. City of Dearborn Heights*, 538 F. App'x 631 (6th Cir. 2013) .......................................4

*Whiteley v. Warden*, 401 U.S. 560 (1971) ..................................................................................3

*Ziegler v. Aukerman*, 512 F.3d 777 (6th Cir. 2008)................................................................2, 3

**Rules**

F.R.E. 801 .....................................................................................................................................2

<u>ARGUMENT</u>

**I.    <u>OFFICER ATKINSON IS ENTITLED TO SUMMARY JUDGMENT.</u>**

"When more than one officer is involved, the court must consider each officer's entitlement to qualified immunity separately.  Finally, the court must segment the incident into its constituent parts and consider the officer's entitlement to qualified immunity at each step along the way." *Smith v. City of Troy*, 874 F.3d 938, 944 (6th Cir. 2017) (citing *Morrison v. Bd. of Trs. of Green Twp.*, 583 F.3d 394, 401 (6th Cir. 2009)).

In her Complaint and in her Response, Plaintiff lumps Officer Atkinson and Officer Babinec together in an attempt to impute one's actions to the other.  Pursuant to longstanding qualified immunity law, this is impermissible as the actions of each officer must be analyzed separately.  As set forth in Defendants' summary judgment motion, Plaintiff clarified in her deposition that only Officer Babinec arrested her and used any alleged force, not Officer Atkinson. In her Response, Plaintiff now claims for the very first time that she really meant to plead a Fourth Amendment claim against Officer Atkinson based upon a failure-to-intervene theory.  Plaintiff, however, has failed to point to any portion of her Complaint where she provides notice of her intent to pursue this new claim.  Instead, Plaintiff points only generally to her factual allegations and Count I (excessive force).  But, even there, Plaintiff cannot identify any paragraph or allegation that provides Officer Atkinson with notice of such a failure-to-intervene claim.

Again, Plaintiff clarified at her deposition that only Officer Babinec arrested her, handcuffed her, allegedly pushed up against the wall, and purportedly pulled her off the porch.  Thus, Plaintiff herself established that Officer Atkinson is entitled to summary judgment on the only claims made against the individual officers:  Plaintiff's excessive force (Count I) and false arrest (Counts II and III) claims.  Accordingly, Officer Atkinson is entitled to summary judgment.

## II. THE OFFICERS ARE ENTITLED TO QUALIFIED IMMUNITY FOR THE SEIZURE OF PLAINTIFF.[1]

In her response, Plaintiff argues that the Officers are not entitled to qualified immunity for her mental health seizure.[2]  Plaintiff relies on: (1) her subjective perception; (2) Dr. Tenselhoff's report; and (3) *Fisher v. Harden,* 398 F.3d 837 (6th Cir. 2005).  Plaintiff is mistaken.

First, Plaintiff attempts to skew the Court's analysis by suggesting that probable cause should be determined from Plaintiff's point of view.  This is incorrect.  Rather, regardless of context, including mental health seizures, "probable cause, is evaluated from the perspective of a reasonable and objective officer; the officer's actual motives are irrelevant." *Ziegler v. Aukerman*, 512 F.3d 777, 783 (6th Cir. 2008).  This requires "only a 'probability or substantial chance' of dangerous behavior, not an actual showing of such behavior." *Id.*  And, even if this Court were to rule that questions remain regarding actual probable cause, the Officers are still entitled to qualified immunity so long as there is at least arguable probable cause. *Amis v. Twardesky*, 637 Fed. Appx. 859, 861 (6th Cir. 2015).  *See also, Guilford v. Frost,* 269 F. Supp. 2d 816 (W.D. Mich. 2017).

Second, Dr. Tenelshoff's statements are inadmissible hearsay.  F.R.E. 801.  Even if admissible, Dr. Tenelshoff establishes: (1) that Plaintiff was extremely drunk at the time of the mental health seizure; and (2) that after finally sobering up, (3) Plaintiff was now a low risk of suicide.  Thus, Dr. Tenelshoff's report supports the finding of arguable probable cause as it corroborates the Officers' perception that Plaintiff was extremely intoxicated at the time of the seizure.

---

[1] For Plaintiff's allegations related to her porch, Defendants rely upon Sections II(A) and II(C)(1) of their summary judgment motion.

[2] As set forth above, Officer Atkinson is entitled to summary judgment, as Plaintiff has failed to assert any viable claims against him.  However, even if this Court were to conclude that Officer Atkinson participated in the mental health seizure, he is still entitled to qualified immunity.

Third, *Fisher v. Harden*, is too factually distinct to be analogous. In *Fisher,* a passerby reported that someone appeared suicidal by laying on railroad tracks. When officers investigated, they came upon Fisher, an elderly man carrying a rifle used to hunt small animals. The officers did little to evaluate the situation, drawing their weapons immediately, ordering Plaintiff to the ground, and handcuffing him.

Completely unlike in *Fisher,* the Officers had reliable information relayed to them by Officer Hodges from Plaintiff's ex-husband, Kyle Rudolph, who informed Officer Hodges that Plaintiff was drunk, sending cryptic text messages, and emotional. Kyle showed Officer Hodges the text messages and told him that he was so concerned for Plaintiff that he confiscated her gun. Based on this alone, the Officers had arguable probable cause to conduct a mental health seizure, as police officers are entitled to rely on information provided by other officers. *Hardesty v. Hamburg Twp*., 461 F.3d 646, 656 (6th Cir. 2006) (citing *United States v. Hensley*, 469 U.S. 221, 230 (1985); *Whiteley v. Warden*, 401 U.S. 560, 568 (1971); *Feathers v. Aey*, 319 F.3d 843, 851 (6th Cir. 2003)). In addition, the Officers also subjectively knew that, when arriving at Plaintiff's home, Plaintiff did not answer the door despite the Officers' knocking, Plaintiff was extremely intoxicated, and Plaintiff provided erratic and evasive answers to Officer Babinec's questions. Thus, the Officers had at least arguable, if not actual, probable cause to believe that Plaintiff posed a danger to herself or others. *See, e.g., Monday v. Oullette,* 118 F.3d 1099 (6th Cir. 1997); *Ziegler v. Aukerman*, 512 F.3d 777 (6th Cir. 2008). And, as discussed above, the context of *Fisher* is too dissimilar to clearly establish that that the Officers' conduct in this particularized set of circumstances somehow violated the Fourth Amendment. *District of Columbia v. Wesby*, -- U.S. --; 199 L. Ed. 2d 453, 467-468 (2018). As such, Plaintiff has failed to demonstrate that, on the

date of the incident, it was clearly established that the Officers' conduct in this particularized context violated the Fourth Amendment.

### A. **Officer Babinec Is Entitled To Qualified Immunity For The Force Used To Effectuate The Arrest.**

Plaintiff's Response fails to distinguish any of the binding and analogous case law relied upon by Officer Babinec. Rather, Plaintiff simply asserts that "**any force** used against Ms. Rudolph … is unjustified and excessive." (Plaintiff's Response at 21-22). This is wrong.

Rather, while Plaintiff claims that she was compliant, Officer Babinec knew that: (1) Plaintiff was subject to a mental health seizure; (2) Plaintiff appeared extremely intoxicated; (3) Plaintiff had already failed to answer the door, despite the Officers' knocking; (4) Plaintiff denied being suicidal or needing medical attention; (5) Plaintiff had already moved away from him when he tried to apply the handcuffs; and (6) Plaintiff did not believe that she should be taken into custody because she told the Officers that she was not suicidal. Thus, as set forth in Defendants' summary judgment motion, Officer Babinec's use of force was objectively reasonable, as officers are permitted to use force and even push an arrestee against a wall while effectuating arrest. *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 2001); *Dunn v. Matatall,* 549 F.3d 348, 354 (6th Cir. 2008); *Wells v. City of Dearborn Heights*, 538 F. App'x 631, 637 (6th Cir. 2013); *Bolden v. City of Euclid*, 595 F. App'x 464, 470–71 (6th Cir. 2014); *Goodrich v. Everett,* 193 Fed. Appx. 551 (6th Cir. 2006).

Accordingly, even as alleged by Plaintiff, Officer Babinec is entitled to qualified immunity as his use of force was objectively reasonable and because it was not clearly established in March 2015 that his alleged conduct violated the Fourth Amendment in the specific context of a mental health seizure.

### B. **Officer Babinec Is Entitled To Qualified Immunity Regarding The Alleged Handcuffing.**

The parties agree that Plaintiff must prove that she complained that the cuffs were too tight, that that the officer ignored her complaints, and that she suffered an injury.  The Officers deny that Plaintiff made any such complaint and, as such, deny the first two elements of the claim.  However, even construing Plaintiff's version of events as true, Plaintiff has still failed to present objective evidence that she suffered an injury as a result.

In her Response, Plaintiff refuses to accept her own deposition testimony that Officer Babinec removed her handcuffs after about ten minutes and fails to meaningfully distinguish *Miller v. Sanilac County*, 606 F.3d 240, 252 (6th Cir. 2010).  However, just like in *Miller*, Plaintiff's own medical records belie her subjective assessment that she suffered any wrist injury. Indeed, Plaintiff was hospitalized for hours and never complained of wrist pain or made any mention to any health care provider that that she needed treatment because of the handcuffs.

Plaintiff relies on *Morrison v. Bd. of Trs.,* 583 F.3d 394 (6th Cir. 2009) for the proposition that Plaintiff herself can create a question of fact regarding the injury.  However, even in *Morrison*, the Plaintiff's subjective pain assessment was expressed to an EMT. That is to say, the evidence sufficient to create a question of fact regarding Morrison's injury was the bruising and swelling observed by the EMT, as well as Plaintiff's testimony.

Unlike in *Morrison,* Plaintiff offers nothing other than her subjective pain assessment and her subjective interpretation of uncorroborated photos that allegedly show an injury near the base of her thumb.  Unlike in *Morrison,* but like in *Miller* and *Jackson v. Lubelan*, 657 Fed. Appx. 497, 501 (6th Cir. 2016), no medical professional noticed or otherwise recorded any injury and Plaintiff sought absolutely no medical treatment for this alleged injury.

Finally, even if Plaintiff could establish that the Officers heard her complaints and ignored them, and that she suffered an injury from the handcuffs, Plaintiff can cite no case clearly

establishing that waiting 10 minutes to remove the handcuffs during transport to the hospital for observation on a mental health seizure of a potentially suicidal Plaintiff violates the Fourth Amendment.  Thus, the Officers are entitled to qualified immunity and summary judgment on Plaintiff's handcuff-related Fourth Amendment claim.

### III.      FRUITPORT TOWNSHIP IS ENTITLED TO SUMMARY JUDGMENT.

In response to Defendants' summary judgment motion, Plaintiff argues that the Township may be liable under a "failure to supervise" theory.  However, Plaintiff has failed to set forth any facts establishing that the Township was deliberately indifferent by failing to supervise the Defendants.  A municipality can be liable for a failure to supervise only, "where a serious failure to supervise employees amounts to deliberate indifference to the rights of persons with whom the employees come into contact." *Kammeyer v. City of Sharonville*, Case No. 01-00649; 2006 U.S. Dist. LEXIS 24058, *33 (S.D. Ohio Apr. 26, 2006) (citing *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247-48 (6th Cir. 1989).

In support of her *Monell* claim, Plaintiff relies on *Kammeyer.*  Not only is *Kammeyer* not binding, it is also not analogous. In *Kammeyer,* Defendant Cramer was the lead detective in charge of all felony investigations, including the murders of Plaintiffs' decedents.  In finding a genuine issue of material fact regarding the City's alleged failure to supervise Cramer, the Court noted that: (1) Cramer had complete authority over felony investigations, including murder; (2) Cramer's supervisors only reviewed investigations when Cramer told them to; (3) in 32 years of service, Cramer had never had a performance evaluation; (4) the City was on notice of the need to supervise Cramer because Plaintiffs sent letters to the mayor and the police chief; and (5) the entire police department staff reported to the chief of police problems with "Cramer's arrogance, failures in communication, and failures to follow through on his policing efforts."  *Kammeyer,* at 34-35.

6

Here, none of these sorts of issues are alleged against these Defendants.  At most, Plaintiff argues that the Township did not conduct formal performance reviews or that the Township may not have provided as much training to officers as Plaintiff believes is necessary.  Even if true, this certainly does not rise to the level established in *Kammeyer* and fails to put to the Township on notice of a serious need for supervision and fails to demonstrate deliberate indifference.  As such, the Township is entitled to the dismissal of Plaintiff's *Monell* claim in Count VI.

<u>**CONCLUSION**</u>

For these reasons and those set forth in Defendants summary judgment motion, Defendants, Officer Babinec, Officer Atkinson, and Fruitport Township, respectfully request that this Honorable Court grant their motion, enter summary judgment in their favor, and award reasonable costs and fees for having to defend this action.

Respectfully submitted,

**McGRAW MORRIS, P.C.**

By: /s/G. GUS MORRIS
G. GUS MORRIS (P32960)
CHRISTOPHER J. RAITI (P68600)
AMANDA M. ZDARSKY (P81443)
Attorneys for Defendants
2075 W. Big Beaver Road, Suite 750
Troy, MI 48084
(248) 502-4000
gmorris@mcgrawmorris.com
craiti@mcgrawmorris.com

Dated:  April 19, 2018